IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION (AT ABINGDON)

| | | |
|---|---|---|
| IN RE: TONY KYLE SKEEN ) | | Chapter 7 |
| ) | | |
| Debtor. ) | | Case No. 04-03239 |
| ) | | |
| TONY KYLE SKEEN, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| STEPHANIE SKEEN PARKS, ) | | |
| ) | | |
| and, ) | | |
| ) | | |
| JOHN E. STANLEY, ESQ. ) | | |
| ) | | |
| Defendants. ) | | |

**NOTICE**

PLEASE TAKE NOTICE that the forgoing Motion will be heard in the United States Bankruptcy Court for the Western District of Virginia, United States Federal Building, in Abingdon, Virginia on July 19, 2006 at 10:00 a.m. or as soon thereafter as counsel can be heard.

**MOTION FOR CONTEMPT**

Comes now your plaintiff, Tony Kyle Skeen, by counsel, and moves this Honorable Court for relief under Code Section 524(a)(2) of the United States Bankruptcy Code and in support of his motion states the following:

1. On April 12, 2004, your plaintiff, Tony Kyle Skeen, (hereinafter referred to as "Skeen"), was granted a divorce from Stephanie Skeen Parks, (hereinafter referred to as "Parks"), by the Circuit Court for Russell County, Virginia. A copy of the divorce decree is attached hereto as Exhibit "A" to this motion.

2. Skeen and Parks owned and operated a business known as Lebanon Tooling and Machine, Inc. at the time the parties separated on or about March 15, 2002.

3. In the aforementioned Final Decree of Divorce, the parties agreed and incorporated into the Divorce Decree that Parks would convey her interest in the business to Skeen and that Skeen would have full

ownership of the business and make payments on and be obligated to pay upon the indebtedness of the business and hold Parks harmless with respect to the business' debt.

4. On August 5, 2004, Skeen filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia and listed on his schedules the debts owed by Lebanon Tooling and Machine, Inc., specifically, a debt owed to BB&T.

5. Parks was listed as a creditor and as co-debtor with respect to the indebtedness of the business on Skeen's schedules. Parks was given proper and timely notice of the bankruptcy petition filing.

6. Skeen was granted a discharge on November 10, 2004.

7. On April 27, 2006, John E. Stanley, Esq., (hereinafter referred to as "Stanley"), counsel for Parks, filed a Motion and Notice to Reinstate the divorce case of Parks and Skeen on the active docket of the Russell County Circuit Court for the purpose of issuing an order to show cause against Skeen, alleging that Skeen was in contempt in that he had failed to comply with the Divorce Decree and to pay the debts of Lebanon Tooling and Machine, Inc. Stanley, in his motion to reinstate, stated that Parks was sued by BB&T on April 6, 2006 to collect a judgment amount of $160,312.31 because Skeen had failed to make payments on said loan. Stanley's motion was noticed and placed on the hearing docket for May 26, 2006 in the Russell County Circuit Court. A copy of Stanley's motion is attached hereto as Exhibit "B".

8. On May 25, 2006, Mr. Donald A. McGlothlin, Jr., Esq., (hereinafter referred to as "McGlothlin"), who represented Skeen in the divorce matter, filed responsive pleadings to Stanley's motion, a Motion for Stay of Proceedings and Injunction. In his motion, McGlothlin stated that Skeen had filed for bankruptcy relief, Parks was listed and received notice of the filing, and that Skeen received a discharge. McGlothlin also noted that Parks after having received notice of Skeen's bankruptcy filing, failed to bring any action in bankruptcy court to contest the dischargeability of this indebtedness and in doing so she waived any right she had to enforce the provision of the Final Decree of Divorce holding her harmless for this debt. A copy of McGlothlin's motion is attached hereto as Exhibit "C".

9. On May 26, 2006, Stanley proceeded and argued his motion before the Russell County Circuit Court. McGlothilin appeared on Skeen's behalf at the hearing. The Honorable Michael Moore presided over the hearing and took the matter under advisement.

10. Before and since the May 26th hearing, McGlothlin and your undersigned counsel, John E. Jessee, Esq., (hereinafter referred to as "Jessee"), have contacted and discussed this matter at length with Stanley. Stanley originally argued that the aforesaid debt is nondischargeable under Section 523(a)(5), but in the state court proceeding, he abandoned that position and instead argued that the aforesaid debt is nondischargeable under Section 523(a)(15) of the United States Bankruptcy Code.

11. On June 12, 2006, Stanley informed Jessee by telephone message and then in a letter dated June 13, 2006, attached hereto as Exhibit "D", that he intended to proceed with his show cause action against Skeen.

12. At the time of the filing of his petition, Skeen did not have the ability to pay the debt owed to BB&T, nor does he now.

13. Section 523(c)(1) of the United States Bankruptcy Codes states that "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, *unless*, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section".

14. Subsequent to receiving notice of Skeen's bankruptcy, Parks took no action under the provisions of the aforementioned code section to have the debt alleged to be owed under the provisions of section 523(a)(15) determined nondischargeable.

15. Skeen's argues that upon filing his chapter 7 bankruptcy petition, upon notice duly given to Parks of his filing, and upon Parks' failure to bring any action under Section 523(c)(1) of the United States Bankruptcy Code to determine dischargeability, that the debt to BB&T was discharged and unenforceable against him and that Parks' and Stanley's actions are willful violations of Section 524(a)(2) of the United States Bankruptcy Code.

16. Because of the defendants' willful violations of Section 524(a)(2), your plaintiff has incurred actual damages, including costs and attorneys' fees for Mr. Donald A. McGlothlin, Jr. and John E. Jessee for defending him in this action. The damages for McGlothlin are attached as Exhibit "E" to this foregoing motion and those for Jessee will be submitted for consideration upon the resolution of this matter before the Court.

WHEREFORE, your plaintiff, Tony Kyle Skeen, moves this Court for an order and injunction against Stephanie Skeen Parks and John E. Stanley, Esq. to stay any proceedings in the action against him currently pending in the Russell County Circuit Court and to permanently enjoin the defendants from proceeding to attempt to enforce the hold harmless obligation of the Final Decree of Divorce and any further collection efforts; that he be awarded his costs and attorneys' fees expended in this action and the state action; and for such other further relief that this Court may deem necessary.

> Respectfully submitted,
> **TONY KYLE SKEEN**
> By counsel

/s/  John E. Jessee
John E. Jessee, Esq. (VSB# 36984)
Counsel for the Plaintiff
200 West Valley Street
Abingdon, Virginia 24210
Telephone:  276-628-1089
Facsimile:  276-628-2411
Email:  jjessee@eva.org

## Certificate of Service

I, John E. Jessee, Esq., do hereby certify that I have mailed, by certified mail, returned receipt request and by first-class postage, pre-paid, a true copy of the foregoing Notice and Motion to Evelyn K. Krippendorf, Trustee, at 354 West Campbell Avenue, Roanoke, Virginia 24016, Stephanie Skeen Parks at Route 4, Box 265, Lebanon, Virginia 24266, John E. Stanley, Esq., at Post Office Box 305, Lebanon, Virginia 24266-0305, The Honorable Michael Moore, Russell County Circuit Court Judge, at Post Office Box 435, Lebanon, Virginia 24266, and Donald A. McGlothlin, Jr., Esq., at Post Office Box 580, Lebanon, Virginia 24266, on this the 20th day of June, 2006.

> /s/ John E. Jessee
> John E. Jessee, Esq.